# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**JOSHUA I. MARTINEZ,**
**D.O.C. #V44831,**

    Plaintiff,

vs.                                       Case No. 1:24cv21-MW-MAF

**RICKY DIXON,**

    Defendant.

_____/

## SECOND REPORT AND RECOMMENDATION[1]

Plaintiff, an inmate proceeding pro se and with in forma pauperis, has filed a second amended complaint [hereinafter "complaint"], ECF No. 11, pursuant to 42 U.S.C. § 1983. The complaint has been reviewed as required by 28 U.S.C. § 1915A to determine if it is sufficient for service.

---

[1] In March 2024, Plaintiff was ordered to file an amended complaint by March 4, 2024. ECF No. 7. When nothing was received from Plaintiff, a Report and Recommendation was entered on April 15, 2024. ECF No. 9. Plaintiff then filed an objection, ECF No. 10, stating he did not receive the prior Order, even though it was never returned to this Court as undeliverable. He also filed an amended complaint, ECF No. 11, and based on his belated compliance, the first Report and Recommendation was rejected. ECF No. 12.

Plaintiff alleges that after his conviction in 2013, he was sentenced to 78 months in prison to be followed by 20 years of sex offender probation. ECF No. 11 at 5. Pursuant to his plea agreement, he was subject to civil commitment proceedings and was ultimately transferred from D.O.C. custody to the Florida Civil Commitment Center in 2019. *Id.*

While there, he was able to participate in sex offender group therapy, but refused to do so because he did not want to "disclose his offending history to other group members." *Id.* at 6. Instead, he sought "one on one" counseling and he advises that he "took advantage of it until" April of 2023 when he had another criminal trial. *Id.* He was found guilty of preventing or obstructing a fire extinguisher and damaging the Ryce Detention Facility, and returned to the Department of Corrections to serve an 8-year sentence. *Id.* at 7.

Upon his return, Plaintiff expressed interest in the Department's sex offender treatment program, but was informed that he would be unable to do so until he "was less than twelve months from release." *Id.* Plaintiff indicates that is a matter of policy. *Id.*

Plaintiff seeks a declaration that the policy "to delay sex-offender treatment until twelve-months from release is invidious discrimination in

violation of the Fourteenth Amendment's Equal Protection clause." *Id.* at 8. Plaintiff contends it is "irrationally delaying treatment for those who need it most immediately." *Id.* He asserts a Fourteenth Amendment claim, ECF No. 11 at 8, as well as "liberty-interest" claim, stating he has "a constitutionally protected liberty-interest in remaining free from restraint," which he appears to assert is based on the "unreasonable search and seizure clause." *Id.* at 9.

First, although Plaintiff does not provide any factual allegations to show a causal connection between his claims and the Defendant, Department of Corrections' Secretary Ricky Dixon, the Court acknowledges that the Secretary is generally responsible for created policy for the Department. It is also acknowledged that if Plaintiff was convicted and sentenced in April 2023, he has approximately seven years to wait until he could participate in the sex offender treatment program.

Second, rehabilitation is a valid interest of both the Plaintiff and the Department of Corrections. However, as Plaintiff recognizes, *see* ECF No. 11 at 9, he has no "constitutional right to rehabilitation." Therefore, Plaintiff does not have a protected liberty interest in participating in rehabilitation programs such as a sex offender treatment program.

Moreover, the Department has authority to create rules which may impose limits and restrictions on the programs offered to prisoners. A prisoner may challenge a rule that he believes violates his constitutional rights, and the United States Supreme Court fashioned a standard for evaluating such claims which was set forth in Turner v. Safley, 482 U.S. 78, 89-90, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987). The Court recognized that prison walls "do not form a barrier separating prison inmates from the protections of the Constitution." 482 U.S. at 84, 107 S. Ct. 2254 (quoted in Pesci v. Budz, 935 F.3d 1159, 1165 (11th Cir. 2019)).

"In an effort to vindicate both 'the need to protect constitutional rights' and the need for 'judicial restraint regarding prisoner complaints,' Turner set out the ground rules for evaluating prisoners' constitutional claims: When a prison regulation or policy 'impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" Pesci, 935 F.3d at 1165-66 (quoting Turner, *Id.* at 85, 89, 107 S. Ct. 2254). The Court identified four facts which focus the reasonableness inquiry:

> (1) whether there is a "valid, rational connection" between the regulation and a legitimate governmental interest put forward to justify it;

> (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates;
>
> (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and
>
> (4) whether the regulation represents an "exaggerated response" to prison concerns.

Pesci, 935 F.3d at 1166 (quoting Turner, 482 U.S. at 89–91, 107 S.Ct. 2254); see also Pope v. Hightower, 101 F.3d 1382, 1384 (11th Cir. 1996).

In considering these facts, the Court finds there is a "valid, rational connection" to support the policy as the Department operates with limited resources which, in turn, requires limiting availability to certain programs. Plaintiff still has "alternative means" of pursuing his interest in rehabilitation through books and continued mental health counseling which is available to inmates in the Department's custody. Accommodating Plaintiff's interest would, however, create a detrimental impact on the Department's staff, other inmates, and the allocation of resources. As Plaintiff recognized in his complaint, there is a "high number of individuals waiting to get into this type of therapy," and any accommodation must necessarily include considerations of prioritizing needs against the limited number of program slots. Indeed, Plaintiff acknowledges that the "ones who need" this

treatment "most immediately . . . are those charged with violent crimes, especially sexually deviant ones, in order that they may benefit from the recent lessons learned when released." ECF No. 11 at 9. Finally, the policy is not an "exaggerated response" to the Department's concern with limited availability to its programs. Those who can most benefit from the treatment because they will be released from prison within 12 months are allowed to participate. The policy Plaintiff challenges is reasonable, and should be upheld. In a world of limited resources, it is often necessary to limit access to certain rehabilitation programs to those inmates nearing the end of their sentences.

Moreover, while Plaintiff alleges an equal protection violation, it is also insufficient. The Equal Protection Clause does not require that all prisoners be provided "identical treatment." Howard v. Coonrod, 546 F. Supp. 3d 1121, 1134 (M.D. Fla. 2021) (rejecting equal protection claim concerning different sentences imposed). Instead, different treatment is permissible so long as there is a "rational basis" for the difference. *See* Clark v. Community for Creative Non–Violence, 468 U.S. 288, 295, 104 S. Ct. 3065, 3070, 82 L. Ed. 2d 221 (1984) (rejecting equal protection claim found to be "a time, place, or manner regulation"). The "rational basis test"

considers whether a challenged rule or policy furthers a legitimate government purpose.  See Joel v. City of Orlando, 232 F.3d 1353, 1358 (11th Cir. 2000).  Here, the Department's policy, as alleged by Plaintiff, is rationally related to conserving limited resources in providing a program to those who need it most immediately.  The more distant the program is from an inmate's release, the more likely it is to have a lesser impact.  There is a rational basis which supports the policy and Plaintiff's equal protection claim should be dismissed.

In addition, the Court notes that Plaintiff has not otherwise demonstrated an equal protection claim based on other prisoners receiving "more favorable treatment" because he has not alleged that the Department "engaged in invidious discrimination against him based on race, religion, national original, or some other constitutionally protected basis."  Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1318-19 (11th Cir. 2006).  Plaintiff does not present any factual allegations which suggest that prison officials treated him differently because of "some form of invidious discrimination tied to a constitutionally protected-interest."  Sweet, 467 F.3d at 1319.

No other potential constitutional claims are apparent and, thus, it does not appear that allowing Plaintiff another opportunity to submit a third amended complaint would be beneficial. Accordingly, it is recommended that this case be dismissed for failure to state a claim upon which relief may be granted.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**